Matthew S. D'Abusco (SBN 251116)
Leslie J. Glyer (SBN 251226)
ARES LAW GROUP, LLP
23 Corporate Plaza Drive, Suite 150
Newport Beach, California 92660
Telephone:   (949) 629-2519
Email:  Matt@areslawgroup.com
Email:  Leslie@areslawgroup.com

Attorneys for Plaintiff PAMELA TSAO
and all other similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA TSAO, an individual, and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>WEST PUBLISHING CORPORATION, a Minnesota Corporation; and THOMSON REUTERS HOLDINGS, INC., a Delaware Corporation.<br><br>　　　　　　Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **Violations of California Business and Professions Code Section 17600, et seq.;**<br>2. **Violations of California Business and Professions Code Section 17200, et seq.; and**<br>3. **Violations of California Business and Professions Code Section 17535, et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Pursuant to Federal Rule of Civil Procedure 23, 28 U.S.C. §1332(d)(2), and 28 U.S.C. §1391(b)(2), Plaintiff PAMELA TSAO ("Plaintiff"), on behalf of herself and all others similarly situated, hereby brings this Class Action Complaint for damages against Defendants WEST PUBLISHING CORPORATION and THOMSON REUTERS HOLDINGS, INC. ("Defendants"), as follows:

**JURISDICTION AND VENUE**

　　1.　　PLAINTIFF is, and at all relevant times hereto was, a resident of the City of Irvine located in Orange County, California.

2. Defendant WEST PUBLISHING CORPORATION is, and at all relevant times hereto was, a Minnesota Corporation, qualified to do business in the State of California. Defendant WEST PUBLISHING CORPORATION does significant business throughout the State of California including, but not limited to, providing Westlaw and Thomson West services to clients throughout Orange County, California.

3. Defendant THOMSON REUTERS HOLDINGS, INC. is, and at all relevant times hereto was, a Delaware Corporation, qualified to do business in the State of California. Defendant THOMSON REUTERS HOLDINGS, INC. does significant business throughout the State of California including, but not limited to, providing Westlaw and Thomson West services to clients throughout Orange County, California.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(d)(2) because: (1) Plaintiff is a citizen of the State of California and Defendants are citizens of the States of Minnesota and Delaware, (2) Plaintiff is informed and believes the total number of putative class members exceeds one hundred (100); and (3) the amount in controversy exceeds the aggregate sum of $5 million exclusive of interest and costs.

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because the United States District Court, Central District of California is a judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

## GENERAL ALLEGATIONS

6. On or about January 26, 2015, Plaintiff entered into a written contract with Defendants to obtain its Westlaw services for a one (1) year term (the "Westlaw Contract").

7. Defendants included an automatic renewal provision in the Westlaw Contract, which was not set forth in an obvious, distinguishable, clear or conspicuous manner, that required automatic renewal without notice for consecutive full twelve (12) month terms at increased pricing. Defendants also failed to provide sufficient detail and information regarding how to communicate potential cancellation. Specifically, the

automatic renewal provision states, in pertinent part:

> Upon conclusion of the Minimum Term…the respective Subscriber Agreement and this Order Form will automatically renew for consecutive 12-month periods (Renewal Term), and the Monthly Charges for the Renewal Term(s) will increase 7% per year unless either party gives written notice of cancellation to the other party at least 30 days in advance of the expiration of the then-current Term.

8.  Plaintiff decided not to renew her subscription to Defendants' Westlaw services. Understanding she was under a one (1) year contract that would end in January 2016, but unaware of the automatic renewal provision, Plaintiff believed that by not communicating an intention, or taking affirmative action, to renew her Westlaw Contract, it would end after the one (1) year term and the services and charges would end.

9.  In early July 2016, Plaintiff, for the first time, discovered Defendants continued charging her for its Westlaw services. Upon discovering this, Plaintiff immediately sent an email to Westlaw customer service stating:

> In January 2015, I entered into a contract with Westlaw for a one-year subscription. That contract expired in January 2016. Despite this expiration, and despite there never being a renewal signed, Thomas Reuters allegedly automatically "renewed" my subscription without my approval. I am now demanding that you immediately cease any continual charge to my account ([Account] Number 1004738182) and refund all charges charged without my authorization since January 2016. Please also promptly provide me any document/contract which you believe I signed which authorized a renewal of the contract. Please note that your actions thus far are in violation of California Business and Professions Code section 17602.

10. Later that day, a customer service representative for Defendants responded to Plaintiff stating, "Thank you for contacting Thomson Reuters Customer Service regarding your Westlaw contract…Please see attached copy of your contract. The automatic renewal terms is stipulated at the bottom of the first page [of the Westlaw Contract]. Your cancellation request has been forwarded for review. This process will take approximately 12 business days to complete. I recommend that you speak with your sales rep below for further assistance."

11. Plaintiff never heard back from Defendants' customer service representative,

a sales representative, or anyone else from Defendants. To date, she continues to be charged for Defendants' Westlaw services, without authorization, despite never communicating an intention to renew said services and, later, specifically communicating a request to cease them immediately to no avail.

## CLASS ALLEGATIONS

12.     The causes of action Plaintiff alleges in this Class Action Complaint, on behalf of herself and all others similarly situated, are appropriately suited for treatment as a class action pursuant to the provisions of Federal Rule of Civil Procedure 23 and 28 U.S.C. §1332(d)(2).

13.     The potential class Plaintiff seeks to represent is defined as: All persons and business entities in the State of California who purchased or otherwise subscribed to Defendants' Westlaw or Thomson West services that included automatic renewal or continuous service provisions from the four (4) years preceding the filing of this Complaint until the present.

14.     **Numerosity:** Plaintiff is informed and believes, and thereon alleges, that the Class she purports to represent exceeds at least one hundred (100) members and is significant in number because Defendants does substantial business in the State of California through its Westlaw services, all of whom were similarly affected by the unlawful practices alleged herein. Based upon the size of the potential class, joinder of all individuals and business entities would be impracticable.

15.     **Adequacy of Representation:** Plaintiff is able to fairly and adequately represent and protect the interests of all members of the putative class Plaintiff seeks to represent because Plaintiff suffered the same type of harm as the putative class members and it is in her best interests to prosecute the claims alleged and described herein and to obtain full relief for the harm Plaintiff, and the putative class she seeks to represent, suffered. Plaintiff's counsel are experienced attorneys and with specific competency and experience in litigating class actions.

16.     **Commonality:** This case involves common questions of law and fact to the

putative class because the causes of action set forth in this Class Action Complaint focus on Defendants' purported uniform practice of requiring the execution of contracts utilizing unlawful automatic renewal provisions, all of which are in violation of the provisions of the California Business and Professions Code.

17. **Typicality:** Plaintiff's claims are typical of the claims of the putative class she seeks to represent because Plaintiff is a member of the purported class since she suffered the same violations of the California Business and Professions Code as the putative class members. Likewise, Plaintiff is committed, intends to, and will seek the same types of damages, restitution, injunctive relief, and other relief on the same legal theories and grounds as those members of the putative class.

18. **Superiority of Class Action:** Class certification of this case is appropriate because a class action is superior to other available means for the fair and efficient adjudication of this controversy. Plaintiff, and each member of the putative class she seeks to represent, has been damaged and is accordingly entitled to similar remedies and recovery by reason of Defendants' violations of the California Business and Professions Code as alleged and described herein. Class treatment will allow all similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Therefore, class certification is maintainable under Federal Rule of Civil Procedure 23(b)(1), (b)(2), and (b)(3).

19. Plaintiff intends to immediately send notice to the putative class to advise of the nature of this case and to seek release of the names and contact information of the putative class.

## FIRST CAUSE OF ACTION

### Violations of California Business And Professions Code § 17600, *et seq*.

### (Against All Defendants)

20. Plaintiff realleges the allegations in Paragraphs 1 through 19 and hereby incorporates them by reference as though fully set forth.

21. Plaintiff brings this cause of action against Defendants pursuant to Business

and Professions Code §17535.

22.     California Business and Professions Code §17600 states, "It is the intent of the Legislature to end the practice of ongoing charging of consumer credit or debit cards or third party payment accounts without the consumers' explicit consent for ongoing shipments of a product or ongoing deliveries of service."

23.     California Business and Professions Code §17602(a)(1) states that it is unlawful to make an automatic renewal or continuous service offer to a consumer without "[failing to] present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual proximity, or in the case of an offer conveyed by voice, in temporal proximity, to the request for consent to the offer." According to California Business and Professions Code §17601(c) states that "clear and conspicuous" means, "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language."

24.     California Business and Professions Code §17602(a)(2) states it is unlawful to make an automatic renewal or continuous service offer to and "[c]harge the consumer's credit or debit card or the consumer's account with a third party for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent to the agreement containing the automatic renewal offer terms or continuous service offer terms."

25.     California Business and Professions Code §17602(a)(3) states it is unlawful to "[f]ail to provide an acknowledgment that includes the automatic renewal or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer." According to California Business and Professions Code §17602(b), a "business making automatic renewal or continuous service offers shall provide a toll-free telephone number, electronic mail address, a postal address only when the seller directly bills the consumer,

or another cost-effective, timely, and easy-to-use mechanism for cancellation that shall be described in the acknowledgment specified in paragraph (3) of subdivision (a)."

26. As alleged herein, Defendants violated the provisions of Business and Professions Code §17600, *et seq.*, including, but not limited to, §§17602(a)(1) and 17602(a)(2) and 17602(a)(3).

27. As a result of Defendants' unlawful conduct, as alleged herein, Plaintiff has suffered injury in fact and has suffered losses.

28. As a direct and proximate result of Defendants' conduct alleged herein, Defendants have received, continue to receive, and continue to hold unlawfully obtained property and money belonging to Plaintiff, and the putative class she seeks to represent, in the form of automatic subscription renewal payments for its Westlaw and Thomson West services made by Plaintiff, and the putative class she seeks to represent. Defendants have profited from their unlawful acts as alleged herein in the amount of those payments and interest as accrued thereon.

29. Pursuant to Business and Professions Code §17535, Plaintiff, on behalf of the putative class she seeks to represent and the general public, seeks restitution and disgorgement of all earnings, profits, compensation and benefit obtained by Defendants as a result of the unlawful practices described herein in violation of Business and Professions Code §17600, *et seq*.

30. Defendants continue to utilize the unlawful practices alleged herein. Thus, and pursuant to Business and Professions Code §17535, Plaintiff further seeks an order from this Court enjoining Defendants, and each of them, from continuing to engage in the unlawful practices alleged herein. The general public will be irreparably harmed if such an order is not granted.

31. Plaintiff has assumed the responsibility of enforcing the laws and public policies specified herein by suing on her own behalf, and on behalf of those similarly situated in the putative class she seeks to represent. Plaintiff's action will enforce important rights affecting the public interest, including the California Legislature's

express intent in enacting Business and Professions Code §17535 and the Automatic Renewal Laws set forth in Business and Professions Code §17600, *et seq*. Plaintiff will incur a financial burden in pursing this action in furtherance of the public interest. Thus, an award of attorneys' fees to Plaintiff is appropriate under California Code of Civil Procedure §1021.5.

## SECOND CAUSE OF ACTION

### Violations of California Business And Professions Code § 17200, *Et Seq*.

### (Against All Defendants)

32. Plaintiff realleges the allegations in Paragraphs 1 through 31 and hereby incorporates them by reference as though fully set forth.

33. California Business and Professions Code §17200, *et seq*. prohibits acts of unfair competition which include "unlawful, unfair or fraudulent business acts. . ."

34. As alleged herein, Defendants have engaged, and continue to engage in, systemic unfair and/or unlawful business practices in violation of California Business and Professions Code §17600, *et seq*. by violating California automatic renewal laws against Plaintiff and the putative class she seeks to represent.

35. Defendants' actions, as alleged herein, constitute unfair business practices pursuant to California Business and Professions Code §17200, *et seq*.

36. As a result of Defendants' actions as alleged herein, Plaintiff, and the putative class she seeks to represent, have suffered damages in the form of automatic subscription renewal payments for its Westlaw and Thomson West services made by Plaintiff, and the putative class she seeks to represent, in amounts according to proof at trial.

37. As a result of the unfair business practices of Defendants as alleged herein, Plaintiff, and the putative class she seeks to represent, are entitled to injunctive relief and restitution in amounts according to proof at trial.

38. As a private litigant, Plaintiff is entitled to an award of reasonable attorneys' fees under California Civil Code §1021.5.

## THIRD CAUSE OF ACTION

**Violations of California Business and Professions Code Section 17535, et seq.**

**(Against All Defendants)**

39. Plaintiff realleges the allegations in Paragraphs 1 through 38 and hereby incorporates them by reference as though fully set forth.

40. California Business and Professions Code §17535 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of unfair competition laws. Such a person may bring an action on behalf of herself or herself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

41. Since at least four years prior to the filing of this Complaint, and continuing to the present, Defendants have committed unlawful, unfair, and/or fraudulent business acts and practices as defined by unfair competition laws by, among other things, violating California Business and Professions Code §17602.

42. As a direct and proximate result of Defendants' unlawful, unfair and/or fraudulent acts and practices described herein, Defendants have received and continue to hold unlawfully obtained property and money belonging to Plaintiff, and the putative class she seeks to represent, in the form of automatic subscription renewal payments for its Westlaw and Thomson West services made by Plaintiff, and the putative class she seeks to represent, from the four years prior to the date of such restitution, at rates specified by law. Defendants have profited from its unlawful, unfair and/or fraudulent acts and practices in the amount of those business expenses and interest accrued thereon.

43. Plaintiff, and the putative class she seeks to represents, are entitled to injunctive relief and/or restitution pursuant to Business and Professions Code §17535 for all monies paid by Plaintiff, and the putative class, in the form of automatic subscription renewal payments for its Westlaw and Thomson West services made by Plaintiff, and the putative class she seeks to represent, for the four years prior to the filing of this Complaint and the date of such restitution. Defendants should be required to disgorge all

the profits and gains it has reaped and restore such profits and gains to Plaintiff and the putative class, from whom they were unlawfully taken.

44. Plaintiff, and the putative class she seeks to represent, are entitled to enforce all applicable penalty provisions pursuant to Business and Professions Code §17202.

45. Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of herself, and all other similarly situated class members. Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest. Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to California Code of Civil Procedure Code §1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the putative class she seeks to represent, pray for judgment against Defendants as follows:

1. For an Order certifying this matter as a class action and appointing Plaintiff and Plaintiff's counsel to represent the class;

2. For general and compensatory damages;

3. For restitution and disgorgement;

4. For punitive damages;

5. For an accounting by Defendants for any and all profits derived by Defendants by and through the means of their conduct alleged herein;

6. For equitable and injunctive relief as provided by California Business and Professions Code §17200, *et seq.* and Business and Professions Code §17535;

7. For reasonable attorneys' fees and costs pursuant to California Civil Code §1021.5 and other applicable laws;

///
///
///

8. For pre and post judgment interest; and

9. For such other relief as the Court may deem just and proper.

DATED: October 17, 2016                    **ARES LAW GROUP, LLP**

By:   /s/ *Matthew S. D'Abusco*
      Matthew S. D'Abusco
      Leslie Glyer
      Attorneys for Plaintiff PAMELA TSAO
      and all others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial of the causes of action set forth in this Class Action Complaint consistent with Federal Rule of Civil Procedure 38 and Local Rule 38-1.

DATED: October 17, 2016                    **ARES LAW GROUP, LLP**

By:   /s/ *Matthew S. D'Abusco*
      Matthew S. D'Abusco
      Leslie Glyer
      Attorneys for Plaintiff PAMELA TSAO
      and all others similarly situated